# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

OLUWASEUN ARIJE,

    Plaintiff

v.      CIVIL NO. JKB-18-3119

POINTCROSS LIFE SCIENCES,

    Defendant

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Oluwaseun Arije *pro se* filed this lawsuit claiming discrimination pertaining to his employment with Defendant Pointcross Life Sciences. (Compl., ECF No. 1.) The Court has denied Defendant's motion to dismiss as to Arije's discriminatory discharge claim and has entered a scheduling order requiring the completion of discovery by July 15, 2019. (ECF Nos. 32, 32.) Arije has requested appointment of legal counsel. (ECF No. 39.) In a civil case such as this one alleging employment discrimination, an indigent litigant does not have a constitutional right to counsel, but the court may appoint counsel "where the case of an indigent plaintiff presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 300 (1989). In determining whether exceptional circumstances exist, a court considers "'the type and complexity of the case as well as the abilities of the individual bringing it.'" *Id.* At this stage of the proceedings in which one issue has been presented for decision, the case does not appear unduly complex, and Arije appears capable of following the governing rules in carrying out his

responsibilities under the scheduling order. Consequently, exceptional circumstances do not exist. The motion for appointment of counsel will be denied without prejudice.

Accordingly, it is this 30 day of April, 2019, by the United States District Court for the District of Maryland hereby ORDERED:

1. Plaintiff's motion for appointment of counsel (ECF No. 39) is DENIED without prejudice; and

2. The Clerk shall ensure all parties receive a copy of this order.

James K. Bredar
Chief Judge